O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **NEUTRINO DEVELOPMENT** | § | |
| **CORPORATION,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-01-2484** |
| | § | |
| **SONOSITE, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before the Court is Defendant Sonosite Inc.'s Motion to Consolidate (Dkt. # 195). The Court, having considered the motion, the responses of the parties, and the relevant law, is of the opinion that the motion should be DENIED.

**Factual and Procedural Background**

Plaintiffs Neutrino Development Corporation and Richard T. Redano (collectively "Neutrino") filed the pending cause of action against Defendant Sonosite, Inc. ("Sonosite") on July 24, 2001 ("the 2001 case"), alleging that four diagnostic ultrasound devices manufactured and marketed by Sonosite infringe Patent No. 6,221,021("the '021 patent"). Sonosite filed its answer to the Original Complaint on August 14, 2001.

Sonosite has asked this Court to consolidate the current case with Civil Action No. H-04-4801, styled *Sonosite Inc. v. Neutrino Development Corporation* ("the 2004 case"). The 2004 case asserts that the claims contained in United States Patent No. 6,814,702 ("the '702 Patent") are invaild, not infringed and unenforceable. As a result of these contentions, Sonosite requests a declaratory judgment in its favor.

## DISCUSSION

Federal Rule of Civil Procedure 42 (a) provides:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

The Fifth Circuit has held that consolidating actions in a district court is proper when the cases involve common questions of law and fact, and the district judge finds that it would avoid unnecessary costs or delay. *See* FED.R.CIV.P. 42(a); *In re Dearborn Marine Service, Inc*. 499 F.2d 263, 270-71 (5th Cir. 1974).

On a more detailed, procedural level, courts have considered the following factors when determining whether or not a motion for consolidation should be granted: (1) the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district; (2) the cases involve a common party; (3) the cases involve common issues of law; (3) the cases involve common issues of fact; (4) there is no risk of prejudice or possible confusion if the cases are consolidated or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; (5) consolidation will not result in an unfair advantage to either party; (6) consolidation will conserve judicial resources; (7) consolidation will reduce the time for resolving the cases when compared to separate trials; and (8) consolidation will reduce the expense of trying the cases separately. *See, e.g., Frazier v. Garrison ISD*, 980 F.2d 1514, 1532 (5th Cir. 1993); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989-90 (5th Cir. 1983); *Debruyne v. Nat'l Semiconductor Corp.* (*In re Repetitive Stress Injury Litigation*)*,* 11 F.3d 368, 373-74 (2nd Cir. 1993); *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495-96 (11th Cir. 1985).

Although Sonosite claims that the '702 and the '021 patent are related, with similar lineage, the Court is of the opinion that consolidation is unwarranted in this case. The current suit has been pending for almost four years. In that time, the Court has conducted a *Markman* hearing, issued its claim construction, and issued orders relating to the first set of summary judgment motions. A second round of summary judgment motions is currently pending. To consolidate the two cases would require the Court to conduct a new *Markman* hearing and claim construction analysis on the '702 patent. Additionally, discovery in the 2001 case is almost at a close. Allowing consolidation at this point would require the discovery and trial deadlines to be extended, thus removing the 2001 case from its current October trial setting and postponing it unnecessarily. Furthermore, the Court is of the opinion that adding the claims of a second patent to this litigation will unnecessarily confuse the issues to be presented to a jury. In the Court's opinion, fewer judicial resources will be expended if the cases proceed separately. Thus, consolidation would be inappropriate.

## CONCLUSION

For the reasons stated above, the motion to consolidate is hereby DENIED.

It is so ORDERED.

Signed this 27th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE