UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEUTRINO DEVELOPMENT CORPORATION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. H-01-2484 |
| SONOSITE, INC., | | |
| Defendant. | | |

## ORDER

Pending before the Court is Third-party Defendant Richard T. Redano's Motion For Judgment on the Pleadings, or in the alterative, Summary Judgment. (Dkt. # 172). After considering the parties' arguments and the applicable law, the Court is of the opinion that the pending motion should be denied.

On April 17, 2002, the Court granted Defendant SonoSite, Inc.'s ("SonoSite") Motion for Leave to File a Second Amended Counterclaim to Add a Party. SonoSite timely amended its complaint to add a counterclaim against Redano, the president of Neutrino, for vexatious litigation practices under 35 U.S.C. § 285. Neutrino and Redano then moved to strike several of the allegations in the counterclaims and for judgment on the pleadings. The Court denied those motions in a written order dated June 27, 2002. After the Court issued its rulings on the motions for summary judgment on the issues of invalidity and infringement, Redano filed the pending motion for judgment on the pleadings, arguing that there was no material issue of fact to be resolved on SonoSite's counterclaims four and five, which seek to attach personal liability to Redano. In order for these claims to succeed, a court must find that the circumstances constitute an "exceptional case." *See* 35 U.S.C. § 285. Subsequent to its filing of the pending motion, however, Neutrino filed its second amended complaint against SonoSite. On November 22, 2004, SonoSite filed its amended answer and counterclaim. The

amended answer contains fourteen affirmative defenses, and the counterclaim contains six claims for relief.

The crux of SonoSite's counterclaims against Redano individually is that he is the sole employee of Neutrino Development Corporation and that, as such, he is responsible for its conduct. SonoSite asserts that Redano knew or should have known that the claims of the '021 patent were invalid, and as such, he is responsible for the fees incurred by SonoSite in defending against Neutrino's claims. Just as individuals may be personally liable for inducing willful patent infringement, *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575-76 (Fed. Cir. 1996), they may be personally liable for prosecuting a frivolous and vexatious patent infringement suit. *Cf. Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2001). Furthermore, vexatious litigation practices are a proper basis for awarding attorneys' fees under § 285. *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 810-11 (Fed. Cir. 1990). Many of the affirmative defenses listed by SonoSite in its amended answer include arguments that would be relevant to the determination of whether an exceptional case exists to grant attorneys' fees. As a result, the Motion for Judgment on the Pleadings is premature and is, therefore, DENIED.

It is so ORDERED.

Signed this 28th day of July, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE