O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **NEUTRINO DEVELOPMENT CORPORATION,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CIVIL ACTION NO. H-01-2484** |
| **SONOSITE, INC.,** | § § | |
| **Defendant.** | § § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant SonoSite, Inc.'s ("SonoSite") Request for Reconsideration of the Court's Order of September 30, 2004 on Infringement (Dkt. # 197).[1]  The Court, having considered the motion, the responses of the parties, and the applicable law, is of the opinion that the motion should be GRANTED in part and DENIED in part.

SonoSite argues that the Court effectively issued a new matter ruling by including the following statement in footnote 1 of the Factual and Procedural Background section of its September 29, 2004 Order on Plaintiff's Motion for Summary Judgment on Infringement:

> On May 20, 1999, Redano field a continuation in part application, Serial No. 09/315,867 which eventually issued as the '021 patent.  In May 2000, Redano amended the pending '021 Patent Application to broaden its disclosure and expand the claims.  The '021 patent was issued on April 24, 2001.

The Court notes, however, that this language was taken from SonoSite's rendition of the factual history of the case.  Upon reflection and review of the footnote in question, the Court has determined that it should not have been included in the Court's order.  The Court did not intend for

---

[1] SonoSite's motion indicates that the order on infringement was signed on September 30, 2004.  The docket sheet, however, reflects that the order was signed on September 29, 2004, but was not entered by the Clerk's office until September 30th; the Court signed the order regarding invalidity on the 30th.

the footnote to be construed as a "new matter ruling," nor is the Court inclined to make such a ruling within the context of this motion.  Therefore, the Court hereby amends the September 29, 2004 order on Infringement to reflect the deletion of the footnote.[2]  To that extent, the motion to reconsider is GRANTED.

The Court, however, finds that, absent the errant footnote, the Memorandum and Order of September 29, 2004 is not inconsistent with its prior rulings.  As such, the Court stands by its previous rulings on the claim construction, and by its finding in the September 29, 2004 order that a new claim construction is not warranted.  The original claim construction, as issued by the Court on August 20, 2003, after a *Markman* hearing and extensive briefing, shall be the construction which will be applied throughout the remainder of the proceedings in this Court.

SonoSite further argues that the Court should reconsider its ruling on the issue of the reverse doctrine of equivalents, even in the absence of the new matter ruling.  SonoSite argues that there is a fact intensive inquiry required and that the application of the reverse doctrine of equivalents is rarely suitable for a decision at the summary judgment phase.  Under the reverse doctrine of equivalents, an accused product or process that falls within the literal words of a claim nevertheless may not infringe if the product or process "is so far changed in principle from a patented article that it performs the same or a similar function in a substantially different way." *Graver Tank & Mfg. Co. v. Linde Air Prod. Co.*, 339 U.S. 605, 608-09 (1950); *see generally* Donald S. Chisum, 5A CHISUM ON PATENTS § 18.04 (1999). This doctrine is equitably applied based upon underlying questions of fact, *see Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565, 1581 (Fed. Cir. 1991), when the accused infringer proves that, despite the asserted claims literally reading on the accused device, "it has been so changed that it

---

[2] The Court used the same footnote in its September 30, 2004 order on Invalidity.  As such, that order shall also be amended to reflect the deletion of the footnote from the text.

is no longer the same invention." *Del Mar Avionics, Inc. v. Quinton Instr. Co.*, 836 F.2d 1320, 1325 (Fed. Cir. 1987) (citing *Graver Tank*, 339 U.S. at 608-09).

Application of the doctrine requires that facts specific to the accused device be determined and weighed against the equitable scope of the claims, which in turn is determined in light of the specification, the prosecution history, and the prior art. *Id.* Thus, to the extent that SonoSite's motion to reconsider argues that other courts have applied the reverse doctrine of equivalents after looking at such things as the specifications and the written description, SonoSite's motion for reconsideration is correct. Other courts have construed claims in light of the specifications and have then applied the reverse doctrine of equivalents to those claims, as construed. However, SonoSite's argument ignores the fact that this Court has already issued its ruling on the equitable scope of the claims. As such, SonoSite's argument that the Court must look to the written description and enablement requirements in its analysis of the applicability of the reverse doctrine of equivalents is, in the Court's opinion, against the weight of authority.

SonoSite's original motion for summary judgment on the issue of infringement bypassed a critical step in the analysis. Rather than comparing the accused device to the claims, as construed by the Court, SonoSite sought to compare the accused device to the specifications. The Court, however, has already construed the claims in light of the specification, prior art, and prosecution history. That SonoSite does not agree with the Court's interpretation is not in dispute. However, SonoSite's failure to apply the doctrine appropriately by presenting evidence relating to the claims as they, in turn, relate to the accused device left the Court to conclude that, based on the evidence presented, SonoSite had not met its burden of proving that the doctrine should apply in this case.

As the Court stated in its previous order,

> SonoSite's summary judgment evidence in support of its contention that the reverse doctrine of equivalents applies in this case does not address the patented device. Rather, SonoSite attempts to create a fact issue on the doctrine of equivalents by

3

comparing the accused device to the language of the patent application prior to . . .the issuance of the '021 patent. The Court finds, however, that this analysis is against the weight of the authority on this subject.

*See* Memorandum and Order Granting Plaintiff's Motion for Summary Judgment on Infringement (Dkt. # 162), p. 8-9.

SonoSite presented no evidence to create a question of fact as to the issue of whether the accused device has been so changed that it is no longer the same invention. Without such a presentation of evidence, there is no question of fact to be resolved. As such, the Court was left with its conclusion that SonoSite had conceded literal infringement without presenting an alternative. As such, the Court granted summary judgment in favor of Neutrino.

Although SonoSite's motion to reconsider presents the type of evidence contemplated by the Supreme Court and the Federal Circuit Court of Appeals when analyzing a reverse doctrine of equivalents argument, it provides no explanation as to why such evidence was not originally presented. There has been no showing that the evidence is newly discovered or was unavailable at the time the original motion for summary judgment was filed. Therefore, the Court declines to address the new evidence presented in SonoSite's motion to reconsider.

## CONCLUSION

For the reasons stated above, the Court is of the opinion that the motion to reconsider should be granted in part and denied in part.

It is so ORDERED.

Signed this 3rd day of August, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE