UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEUTRINO DEVELOPMENT CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-01-2484 |
| SONOSITE, INC., | § § | |
| Defendant. | § § | |

ORDER

Defendant Sonosite, Inc. filed an Application for Costs on April 4, 2006 (Dkt. #369). The Clerk taxed costs in the amount of $146,986.47 on April 12, 2006 (Dkt. #371). Plaintiff has filed Objections to the Bill of Costs on several grounds (Dkt. #373) and a Motion to Retax Costs (Dkt. #378). After reviewing the application, objections, and applicable law, Plaintiff's objections will be SUSTAINED in part and OVERRULED in part as explained below.

**A. General Rules Regarding The Taxing of Costs**

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d); *accord Corpus Christi Oil & Gas Co. v. Zapata Gulf Marine Corp.*, 71 F.3d 198, 205 n.5 (5th Cir. 1995). Taxation of costs under Rule 54(d) is a matter within the court's discretion, although this discretion is limited by the express provisions of 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987). "The court may decline to award certain costs, but may not tax expenses that are not listed in § 1920." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997); *Crawford Fitting Co.*, 482 U.S. at 441-42. Thus, a court may only tax the following as "costs": (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any

part of stenographic transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. 28 U.S.C. § 1920; *accord Crawford Fitting Co.,* 482 U.S. at 440; *Interstate Contracting Corp. v. City of Dallas*, 2002 U.S. Dist. LEXIS 1496, *2 (N.D. Tex. 2002). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *Crawford Fitting Co.*, 482 U.S. at 441-42.

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora*, 952 F. Supp. at 417 ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Raspanti v. U.S. Dep't of the Army*, 2001 U.S. Dist. LEXIS 14610, *38 (E.D. La. 2001). Whether a document was "necessarily obtained for use in the case is a factual determination to be made by the district court." *Fogleman*, 920 F.2d at 285–86.

**B.      Defendant's Bill of Costs**

Defendant submitted a bill of costs in the amount of $146,986.47 for expenses it incurred in this litigation. As an initial matter, Defendant contends that Plaintiff has waived all objections because it failed to file its objections within the deadline prescribed by the Local Rules. Local Rule 54.2 requires that any objections to costs must be filed within five days of the bill being filed. S.D. TEX. LOCAL RULES 54.2. The Defendant filed its application for costs on April 4, 2006; thus,

Plaintiff's objections were due April 11, 2006. *See* FED. R. CIV. P. 6(a) ("In computing any period of time prescribed or allowed by . . . the local rules of any district court . . .[and] [w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Plaintiff did not file its objections until April 19, 2006.

However, although Plaintiff did not timely file its objections under the Local Rules, Plaintiff did timely file objections under the Federal Rules of Civil Procedure. Specifically, Rule 54(d)(1) permits a party to file objections within five days of the clerk's taxing costs. *See* FED. R. CIV. P. 54(d)(1) ("Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."); *see also Marchman v. NationsBank Tex.*, 108 F.3d 333 (5th Cir. 1997) (per curiam). Thus, Plaintiff could request a review of the costs taxed and raise any objections to the bill of costs up to five days after the clerk signed it. The Clerk taxed costs on April 12, 2006, and Plaintiff filed its objections and motion to retax costs on April 19, 2006. Therefore, under the Federal Rules, Plaintiff timely filed its objections allowing this Court to review the taxation of costs. Moreover, even assuming the Plaintiff's objections are untimely, the five-day period for requesting review under the Local Rules is not jurisdictional, consequently, the Court may review the taxing of costs at its discretion. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 n.6 (5th Cir.1990). Utilizing its discretion in this case, the Court will consider all of Plaintiff's objections to Defendant's Bill of Costs.

The Court will now address Plaintiff's objections. First, Plaintiff argues that Defendant

should be denied all costs because it comes to the Court with "unclean hands."[1]  Specifically, Plaintiff contends that Defendant intentionally destroyed material evidence and engaged in abusive discovery tactics intended to drive up the costs of litigation.  "Misconduct, bad faith, and abuse of the trial process are all grounds for refusing to award costs to the prevailing part[y]."  *Sheets v. Yamaha Motors Corp.,* 891 F.2d 533, 539–40 (5th Cir. 1990) (taxing costs against the prevailing party for "defendants' repeated and abusive hardball tactics," including "refus[al] to produce documents in response to discovery, violating an order to compel," etc.).  Neutrino attempts to reurge its previous motion for sanctions (Dkt. #334)  in objecting to the Bill of Costs.  During the litigation, the Court found no sanctionable conduct and denied Plaintiff's motion for sanctions as moot when it granted summary judgment in Defendant's favor.  Costs are only denied in the most egregious circumstances to the prevailing party, and the Court does not find that Defendant has engaged in any inappropriate behavior justifying a denial of costs.  Plaintiff has not overcome the strong presumption that the prevailing party should recover costs as a matter of course.  Therefore, the Court overrules Plaintiff's objection.

Alternatively, the Plaintiff claims that the Court should reduce costs because many of Defendant's alleged costs are not recoverable and/or Defendant has not shown that the costs were necessarily incurred for use in the case.  First, Plaintiff argues that the depositions for which Defendant requests costs were not necessarily obtained for use in the case.  Defendant seeks $21,076.17 for transcripts of 24 depositions, including additional fees for expedited delivery, messenger delivery, E-transcripts, ASCII files on disc, and compressed transcripts.  A deposition copy obtained for use during trial or for trial preparation, rather than for the mere convenience of

---

[1] *See* Dkt. #373, p. 1.

counsel, may be included in taxable costs. *Fogleman v. Aramco*, 920 F.2d 278, 285 (5th Cir. 1991). The deposition does not necessarily have to be used at trial, but "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id.*; *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir.1999). All of the depositions for which Defendant seeks costs involve deponents that were listed as trial witnesses. Thus, each deposition could be expected to be used for trial purposes, as each of these witness would potentially be testifying at trial. Therefore, the Court finds the deposition costs were necessarily incurred for use at trial. Further, the Plaintiff's objections to the additional costs are overruled as moot because Defendant has voluntarily withdrawn those expenses in the amount of $2,877.50.[2]

Next, Plaintiff argues that Defendant has not shown that the copies were necessarily obtained for use in the case. Reproductions necessarily obtained for use in the case are recoverable, provided the prevailing party demonstrates that necessity. *Fogleman*, 920 F.2d at 286. Itemized breakdowns assist the court in distinguishing the copies obtained for use in the case and those obtained simply for the convenience of counsel. *Id.* While the court does not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, it does require some demonstration that reproduction costs necessarily result from that litigation. *Id.*; *See Summit Tech., Inc. v. Nidek Co., Ltd.,* 435 F.3d 1371, 1378 (Fed. Cir. 2006) ("We agree with [defendant] that, in complex patent litigation involving hundreds of thousands of documents and copies, parties cannot be expected to track the identity of each photocopied page along with a record of its relevance to the litigation.").

---

[2] *See* Dkt. #376, pp. 7–8.

Here, the Defendant seeks $115,205.21 for exemplification and copying expenses. Defendant has provided an itemization of copying expenses, along with invoices for copies produced from outside vendors for patents, non-patent prior art, and documents produced, among other things. Plaintiff argues that numerous copies were made for the convenience of counsel, including "decisions from official reporters, articles, research and text from treatises."[3] Defendant avers that large amounts of photocopying was required because of the scope and complexity of this patent dispute. The Court agrees that the complexity of patent litigation requires extensive document production and it is often necessary for complete trial preparation. Therefore, the Court finds that the costs incurred by Defendant for copies in the various categories listed above were necessary for use in this case that Plaintiff initiated against Defendant.

Plaintiff also contends that Defendant cannot recover for the production costs of exhibits absent pretrial approval from the court. The Fifth Circuit has held that "absent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 335 (5th Cir. 1995). However, in *Kellstrom*, the Fifth Circuit was referring to physical, demonstrative trial exhibits. *Id.*; *see also Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 1995 WL 813691, *5 (N.D. Tex. 1995) ("The law in this Circuit permits taxation of costs for demonstrative evidence only if there is pretrial authorization by the trial court."). Defendant does not seek to recover costs incurred in producing physical trial exhibits, but only for copies of exhibits needed for use in depositions. This cost is recoverable under § 1920(2) as a cost included in reproducing depositions that are necessarily obtained for use in the case. *See Anderson v. Siemens Med. Sys., Inc.*, 2002 WL 199878, *5 (N.D. Tex. 2002) (finding the costs for

---

[3] *See* Dkt. #373, p. 5.

6

"deposition transcripts and exhibits" were recoverable); *Lovell v. Glen Oaks Hosp., Inc.,* 1999 WL 1029091, *3 (N.D. Tex. 1999) (holding that exhibits attached to plaintiff's deposition were taxable). Therefore, the Court will overrule Plaintiff's objection because the expenses incurred involved only exhibits used in association with depositions, which the Court has previously found were necessary for use in this case.

Next, the Plaintiff argues the $541.25 cost for "removing metadata from files to be produced electronically" is not recoverable because it is not an enumerated expense under § 1920. As explained above, reproduction costs necessarily obtained for use in the case are recoverable, provided the prevailing party demonstrates that necessity. *Fogleman*, 920 F.2d at 286. In this instance, the electronic data was produced in lieu of costly paper production. Defendant was seeking to save costs by not printing out hundreds of documents, which required redaction of privileged information. This electronic production in response to Plaintiff's discovery request falls within costs recoverable for "fees and disbursements for printing." 28 U.S.C. § 1920(3), and therefore the Court will overrule Plaintiff's objection.

Finally, the Court is required to give "careful scrutiny" to the costs submitted by the prevailing party. *Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235 (1964). After carefully scrutinizing the Defendant's application for costs, the Court did discover a duplicate entry of $387.42 in Defendant's requested copying costs.[4] Also, after reviewing the invoices related to the deposition costs, the Court also found that Defendant was charging the late payment fee of $1,997.25 instead of $1,877.41, amounting to a difference of $119.84.[5] The Court will not charge

---

[4] *See* Dkt. #369, ex. E.2, entry 64 & 65.

[5] *See* Dkt. #369, ex. B, entry 5.

Plaintiff for the increased cost relating to those bills paid after 30 days, according to the invoice. Therefore, the Court will deduct these extraneous expense from the Defendant's Bill of Costs by $507.26.

## Conclusion

Defendant requested taxable costs in the amount of $146,986.47. Defendant voluntarily withdrew costs in the amount of $2,877.50, and the Court reduced costs by $507.26. Accordingly, it is ORDERED that Defendant shall recover from Plaintiff $143,601.71 for the costs incurred in litigating this dispute.

It is so ORDERED.

Signed this 30th day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE